AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

F. FILED

# UNITED STATES DISTRICT COURT
for the

2023 FEB 2~~ FEB -6 PM 3: 24

CLERK, CLE~~
MIDDLE MIDD~~
OC~~ OCALA F~~

CEDRIC KING
_Petitioner_

v.

Case No. 5:23-CV-87-WFJ-PRL
_(Supplied by Clerk of Court)_

WARDEN, Coleman USP II
_Respondent_
_(name of warden or authorized person having custody of petitioner)_

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

**Personal Information**

1. (a) Your full name: CEDRIC KING
   (b) Other names you have used:
2. Place of confinement:
   (a) Name of institution: U.S.P. Coleman II, FCC Coleman Complex
   (b) Address: P.O. Box 1034, Coleman, Florida 33521
   (c) Your identification number: 39419-060
3. Are you currently being held on orders by:
   ☒ Federal authorities    ☐ State authorities    ☐ Other - explain:

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
      If you are currently serving a sentence, provide:
      (a) Name and location of court that sentenced you: United States District Court Northern District of Ohio, Cleveland Division
      (b) Docket number of criminal case: 1:03-CR-479
      (c) Date of sentencing: May 25, 2004
   ☐ Being held on an immigration charge
   ☐ Other (explain):

**Decision or Action You Are Challenging**

5. What are you challenging in this petition:
   ☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

Page 2 of 9

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

☐ Pretrial detention
☐ Immigration detention
☐ Detainer
☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
☐ Disciplinary proceedings
☐ Other (explain): _____

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: FEDERAL BUREAU OF PRISONS
   (b) Docket number, case number, or opinion number: Reg. # 39419-060
   (c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed): EXECUTION OF SENTENCE
   (d) Date of the decision or action: JANUARY 14, 2023

**Your Earlier Challenges of the Decision or Action**

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☑ Yes ☐ No
   (a) If "Yes," provide:
      (1) Name of the authority, agency, or court: WARDEN, USP COLEMAN II
      (2) Date of filing: JANUARY 14, 2023
      (3) Docket number, case number, or opinion number:
      (4) Result: THE GRIEVANCE PROCESS HAS BEEN MADE UNAVAILABLE
      (5) Date of result: JANUARY 14, 2023
      (6) Issues raised: GOOD TIME CREDITS IN ACCORDANCE WITH THE FIRST STEP ACT ARE BEING DENIED

   (b) If you answered "No," explain why you did not appeal: _____

8. **Second appeal**
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☑ Yes ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: WARDEN, USP COLEMAN II

(2) Date of filing: JANUARY 14, 2023

(3) Docket number, case number, or opinion number: Reg# 39419-060

(4) Result: REFUSED

(5) Date of result: JANUARY 14, 2023

(6) Issues raised: GOOD TIME CREDITS UNDER FIRST STEP ACT SECTION 102(g)(3)

(b) If you answered "No," explain why you did not file a second appeal:

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?
☐ Yes   ☑ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:

(2) Date of filing:

(3) Docket number, case number, or opinion number:

(4) Result:

(5) Date of result:

(6) Issues raised:

(b) If you answered "No," explain why you did not file a third appeal: NOW PROCEEDING IN THE DISTRICT COURT IN ACCORDANCE WITH THE DECISION IN Ross v. Blake 578 U.S. 632 (2016)

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?
☐ Yes   ☑ No

If "Yes," answer the following:

(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?
☐ Yes   ☐ No

If "Yes," provide:
(1) Name of court:
(2) Case number:
(3) Date of filing:
(4) Result:
(5) Date of result:
(6) Issues raised:

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?
☐ Yes    ☑ No
If "Yes," provide:
(1) Name of court:
(2) Case number:
(3) Date of filing:
(4) Result:
(5) Date of result:
(6) Issues raised:

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: CHALLENGES TO THE EXECUTION OF SENTENCE; ie. GUIDELINES CALCULATIONS, ARE NOT COGNIZABLE IN A MOTION UNDER 28 USC 2255

11. **Appeals of immigration proceedings**
Does this case concern immigration proceedings?
☐ Yes    ☑ No
If "Yes," provide:
(a) Date you were taken into immigration custody:
(b) Date of the removal or reinstatement order:
(c) Did you file an appeal with the Board of Immigration Appeals?
☐ Yes    ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

        If "Yes," provide:
        (1) Date of filing: _____
        (2) Case number: _____
        (3) Result: _____
        (4) Date of result: _____
        (5) Issues raised: _____

   (d)  Did you appeal the decision to the United States Court of Appeals?
        ☐ Yes       ☑ No
        If "Yes," provide:
        (1) Name of court: _____
        (2) Date of filing: _____
        (3) Case number: _____
        (4) Result: _____
        (5) Date of result: _____
        (6) Issues raised: _____

12.  **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
☐ Yes       ☑ No
If "Yes," provide:
(a) Kind of petition, motion, or application: _____
(b) Name of the authority, agency, or court: _____

(c) Date of filing: _____
(d) Docket number, case number, or opinion number: _____
(e) Result: _____
(f) Date of result: _____
(g) Issues raised: _____

Case 5:23-cv-00087-WFJ-PRL   Document 1   Filed 02/07/23   Page 6 of 13 PageID 6

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** BOP REFUSED TO APPLY GOOD TIME CREDITS AS MANDATED BY THE FIRST STEP ACT, SECTION 102(g)(3) (FSA)

(a) Supporting facts *(Be brief. Do not cite cases or law.)*: BOP HAS REFUSED TO ACCEPT ANY ADMINISTRATIVE REMEDY REQUESTS CONCERNING FSA GOOD TIME CREDITS

(SEE ATTACHED REQUEST)

(b) Did you present Ground One in all appeals that were available to you?
☒ Yes   ☐ No

**GROUND TWO:** BOP CATEGORIZES ALL CONVICTIONS THAT MERELY "INCLUDE" A VIOLATION OF 18 USC 924(c), AS INELIGIBLE UNDER THE FIRST STEP ACT.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*: BOP'S INTERPRETATION OF FSA, SECTION 101, SUBCHAPTER (D), IS ERRONEOUS.
SUBCHAPTER (D) RENDERS INELIGIBLE ONLY CONVICTIONS AND SENTENCES FOR SECTION 924(c). IT DOES NOT AFFECT OTHER STATUTES OF CONVICTION AND SENTENCING IN THE SAME JUDGMENT

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes   ☐ No

**GROUND THREE:** 

N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes   ☐ No

Page 7 of 9

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes    ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: No

**Request for Relief**

15. State exactly what you want the court to do: Issue an order to the Bureau of Prisons to calculate, and apply good time credit pursuant to the First Step Act of 2018

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

JANUARY 31, 2023

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: JANUARY 31, 2023

\* _____
Signature of Petitioner

_____
Signature of Attorney or other authorized person, if any

# FORMAL REQUEST FOR MODIFICATION OF SUPERVISED RELEASE

In accordance with the herein identified provisions of the First Step Act of 2018, inmate Cedric King, Reg. # 39419-060, hereby submits this formal request for modification of the terms of his court-ordered *supervised release*.

## BACKGROUND -

In November of 2003, upon completion of the minimum term of 7 years imposed on him for violations of Ohio Revised Code (O.R.C.) 2911.02(A)(1), inmate Cedric King was released on parole by the Ohio Adult Parole Authority. While on parole there in Ohio, Cedric King was convicted in federal court for violations of 18 U.S.C. 1951(a) and 18 U.S.C. 924(c).
On May 25, 2004, Cedric King was then sentenced in the U.S. District Court for the Northern District of Ohio, to a total term of 262 months, to be followed by a 3-year term of *supervised release*.

Upon his federal conviction in U.S. District Court, Cedric King was then subject to *'automatic parole revocation'* pursuant to Ohio Administrative Code 5720:1-1-21(A), and a detainer was lodged against him with the Warden of U.S.P. Coleman II, where he is currently serving his 262-month term.
This 262-month sentence will reach full term on or about June 29, 2023, at which time Ohio authorities are expected to take custody of Cedric King for the purpose of conducting a hearing to determine whether there will be any additional punishment for his violation of the terms of his parole.

REQUEST -

In making this formal request, Cedric King asks that, in accordance with the Bureau of Prisons authority as expanded by the First Step Act ("The Act"), the Warden will apply the **'time credits'** he has earned and is eligible for under 18 U.S.C. 3632, as modified by the certain provisions of The Act - those applicable to the 178-month portion of his 262-month term, excluding the 84 months disallowed for his conviction under 18 U.S.C. 924(c) - and begin his term of *supervised release* 5 months early, on February 23, 2023; at which time he will be subject to the aforementioned *'automatic parole revocation'* hearing, under Ohio state law.

### First Step Act of 2018

### 18 U.S.C. 3632 -

Title I - Recidivism Reduction, Section 101 **("Risk And Needs Assessment System")** modified Chapter 229 of the U.S. Code, in 18 U.S.C. 3632, by adding subchapter (D) **("Risks And Needs System")** to include **'Time Credits'** (subsection (d)(4), to provide **"Evidence-Based Recidivism Reduction Program Incentives And Productive Activities Rewards".**

As defined in subchapter (4)(A)(i) - "A prisoner shall earn **10** days of time credits for every **30** days of successful participation in evidence-based programming or productive activities."

In subchapter (4)(C), this new modification clarifies that - "Time Credits earned under this paragraph, by prisoners who successfully participate in recidivism reduction programming, or productive activities, shall be applied toward time in prerelease custody, or *supervised release.*"

2

The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under Section 3624(g), into prerelease custody or *supervised release*.

**18 U.S.C 3635 -**

In the newly modified Chapter 229, 18 U.S.C. 3635 was also amended, in Section (3)(g)(xi) to provide the definition of "*evidence-based recidivism reduction programming, or productive activities*", to include, inter alia, the successful participation in..."*a prison job, including through a prison work program.*"

In Title I - Recidivism Reduction, Section 102(g)(3)("Implementation of System and Recommendations/Bureau of Prisons"), this modification in Chapter 229 further clarifies "If the sentencing court included as a part of the prisoners sentence a requirement that the prisoner be placed on a term of *supervised release* after imprisonment, pursuant to Section 3583, the Director of the Bureau of Prison's may transfer the prisoner to begin any such term of *supervised release* at an earlier date, not to exceed 12 months, based on the application of time credits under Section 3632.

This new expansion of the authority granted to the Director of the Bureau of Prisons, in the context of pre-release custody or *supervised release*, should be exercised here in Mr. King's case for the following reasons:

While designated to the Coleman U.S.P. II prison, and for approximately the past 10 years, Cedric King has successfully participated in an important prison work program, in the Food Service Department. In specific terms, the prison job he has held during that period was, and is, one involving heightened trust and responsibility. In this important prison job, he has been responsible for the Food

3

Service warehouse and all activities associated with maintaining adequate supplies for, and the coordination of, all prison meals, to include religious and special diet programs.

And, during this time, not only has he demonstrated a commendable and in fact award-winning work ethic, and maintained substantially clear conduct, he has received a **'special heroism award'**, which was placed in his Central file, for his role in the quick life-saving efforts involving F.S. Cook Foreman, Ms. Howard, who on January 20, 2022, had suddenly collapsed to the floor in a medical emergency.

## Conclusion

Based on all the above, inmate Cedric King, Reg. # 39419-060, respectfully requests that the Warden of U.S.P. Coleman II exercise his authority under 18 U.S.C. 3632, as amended by the First Step Act, and authorize his 3-year term of *supervised release* to begin 5 months early, on February 29, 2023.

Date: January 14, 2023

Respectfully submitted,

*[signature: Cedric King]*

Cedric King, #39419-060

4

